UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NORTH ATLANTIC OPERATING
COMPANY, INC.

and

NATIONAL TOBACCO
COMPANY, L.P.                                                                    PLAINTIFFS


v.                                                     CIVIL ACTION NO. 3:17-CV-00214-CRS


ZZSS, LLC, d/b/a ZIG ZAG
SMOKE SHOP                                                                       DEFENDANT


**MEMORANDUM OPINION**

I.   Introduction

This case is before the court on defendant ZZSS, LLC d/b/a Zig Zag Smoke Shop's (hereinafter "defendant") motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 15. Plaintiffs North Atlantic Operating Company ("NAOC") and National Tobacco Company ("NTC") (collectively "plaintiffs") responded. ECF No. 16. This matter is now ripe for review. Because defendant's motion only contests three of plaintiffs' claims, the court will treat it as a partial motion to dismiss. For the reasons set forth below, defendant's motion will be denied.

II.   Factual Background

On April 7, 2017, Plaintiffs filed a complaint against defendant in this court, alleging that defendant "has and continues to use the designation 'Zig Zag' in connection with its ongoing business in violation of plaintiffs' rights in a portfolio of Zig-Zag trademarks," and in violation

1

of "the Settlement Agreement executed by the parties to this action." ECF No. 1, ¶ 2. Plaintiffs asserted claims for breach of contract, breach of the implied duty of good faith and fair dealing, injunctive relief, federal trademark infringement, federal unfair competition, specific performance and indemnification, unjust enrichment, promissory estoppel, and declaratory judgment. *Id.* at ¶¶ 28-86. Defendant subsequently filed a motion to dismiss. ECF No. 11. Plaintiffs then filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). ECF No. 13.

According to plaintiffs' amended complaint, plaintiff NAOC "owns or is the exclusive licensee of a portfolio of trademarks incorporating the words 'Zig-Zag' with or without other words, hyphens, stylizations, and design components (the "Zig-Zag Marks") for use in connection with tobacco products, cigarette rolling papers, electronic cigarettes, vaping products, and accessories." ECF No. 13, ¶ 11. Plaintiff NTC is the distributor for plaintiff NAOC, and owns the domain name www.zigzag.com, which it uses to market 'Zig-Zag' smoking products. *Id.* at ¶¶ 12-13.

The amended complaint alleges that in March 2012, plaintiffs discovered that defendant was using the words 'Zig Zag' "in its business of selling retail smoking and tobacco related products." *Id.* at ¶ 17. Specifically, defendant was using the words 'Zig Zag' in the name of its business—Zig Zag Smoke Shop—and in its advertisements and internet domain name, www.zigzagsmokeshop.com. *Id.* Plaintiffs sent defendant a cease and desist letter to prevent it from continuing to use its protected marks. *Id.* at ¶ 18.

In response to the cease and desist letter, plaintiffs and defendant entered into a settlement agreement. ECF 13-1. Defendant agreed to limit its use of the words 'Zig Zag' in the following ways:

1) [defendant's] use of the words 'Zig Zag' is always, at least, immediately followed by the words 'Smoke Shop,' and all four of those words appear in the same or similar font, style, size, color, and the like;
2) [defendant's] advertisements, marketing materials, and promotional materials are of a local nature and are directed to the local Houston, Texas market;
3) all of [defendant's] advertisements, marketing materials, and promotional materials clearly and conspicuously display the address of [defendant's] sole, existing retail store in close proximity to the words 'Zig Zag Smoke Shop;'
4) all of [defendant's] advertisements, marketing materials, and promotional materials clearly and conspicuously display the following disclaimer in close proximity to the words 'Zig Zag Smoke Shop': 'Zig Zag Smoke Shop is not affiliated with or endorsed by National Tobacco Company, L.P. or North Atlantic Operating Company, Inc.'" ECF No. 13-1, p. 2.

Additionally, defendant agreed to discontinue its use of the internet domain name, www.zigzagsmokeshop.com, and to cease any other use of the words 'Zig Zag' in connection with its business on the internet. *Id.* at 3. In exchange for defendant's compliance with the terms of the agreement, plaintiffs agreed to "release [defendant] from any claim . . . for damages resulting from [defendant's] use of 'Zig Zag' prior to" the date of the agreement. *Id.* at 4.

Plaintiffs' amended complaint further alleges that in late 2016, they discovered that defendant had breached the terms of the settlement agreement "through its improper use of the words, 'Zig Zag,' in its signage and advertising and in other ways evident from the review of the terms of the settlement agreement." ECF No. 13, ¶ 26. On January 12, 2017, plaintiffs sent defendant a cease and desist letter "demanding full compliance with the settlement agreement and requesting written confirmation that any and all violations of its terms and conditions . . . had been permanently remedied. *Id.* at ¶ 30. Plaintiffs provided photographs showing defendant's improper use of the words 'Zig Zag' on its business sign and on its internet posts. *Id.* On January 19, 2017, defendant sent a response letter with photographs showing that the violations on the business signs had been modified.

On February 3, 2017, Plaintiffs sent another letter to defendant "demanding full compliance with the settlement agreement and requesting written confirmation that any and all violations of the terms and conditions . . . had been permanently remedied." *Id.* at ¶ 32. Plaintiffs included "internet screenshots showing [defendant's] continued violation of the settlement agreement." *Id.* Defendant never responded to this letter. *Id.* at ¶ 35. Plaintiffs allege that defendant continues to breach the terms of the settlement agreement.

Defendant now moves to dismiss plaintiffs' claims for breach of the implied duty of good faith and fair dealing, declaratory judgment, and promissory estoppel pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint states a plausible claim for relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A court is not required to accept as true legal conclusions or "threadbare recitals of the elements of a cause of action." *Id*. When resolving a motion to dismiss, however, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007)).

IV.   Discussion

Defendant contends that plaintiffs' claims for breach of the implied duty of good faith and fair dealing, declaratory judgment, and promissory estoppel should be dismissed. Specifically, defendant argues that plaintiffs fail to allege sufficient facts to support these claims. Moreover, defendant asserts that these claims are duplicative of plaintiffs' breach of contract claim. These arguments will be addressed in further detail below.

A.   Whether Sufficient Facts Have Been Alleged to Support Claims

   i.   Breach of the Implied Duty of Good Faith and Fair Dealing

Defendant asserts that plaintiffs fail to state a claim for breach of the implied duty of good faith and fair dealing. Under Kentucky law, a covenant of good faith and fair dealing is implicit in all contracts. *Rainer v. Mt. Sterling Nat'l Bank*, 812 S.W.2d 154, 156 (Ky. 1991).[1] Although it is not an independent cause of action, breach of this implied covenant can "potentially serve as a valid basis for a breach of contract claim. *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Management*, 941 F.Supp.2d 807, 817 (E.D. Ky. April 19, 2013); *Peacock v. Damon Corp.*, 458 F.Supp.2d 411, 419 (W.D. Ky. Sept. 20, 2016). To demonstrate a breach of the implied duty of good faith and fair dealing, a plaintiff must provide evidence that "the party alleged to have acted in bad faith . . . engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *O'Kentucky Rose B. Ltd. P'Ship v. Burns*, 147 Fed. Appx. 451, 458 (6th Cir. 2005); *see also Sumner v. Armstrong Coal Co.*, 2014 WL 4063492 (W.D. Ky. Aug. 15, 2014).

---

[1] Defendant's motion to dismiss argues that Kentucky law only recognizes the tort of breach of the duty of good faith and fair dealing in the context of insurance contracts. Because it is clear that plaintiffs allege this claim under contract law, this argument will be disregarded. ECF No. 16, p. 9 ("Plaintiffs pled their claim for the breach of the covenant of good faith and fair dealing in the parties' Settlement Agreement as a contract claim, not a tort.").

Plaintiffs state a plausible claim for breach of contract based on breach of the implied duty of good faith and fair dealing. Plaintiffs' amended complaint states that the purpose of the settlement agreement between plaintiffs and defendant was to "restrict the use by [defendant] of the words, Zig Zag." Pl. Complaint, ECF No. 13, ¶¶ 21-25. Plaintiffs further allege that defendant "breached the terms of the settlement agreement through its improper use of the words, Zig Zag, in signage and advertising . . ." *Id.* at ¶ 26. In support of this allegation, plaintiffs provide photographs of the improper use. ECF Nos. 13-4, 13-7. These facts create the plausible inference that defendant denied plaintiffs the benefit of their bargained for settlement agreement by acting in direct contravention to its terms.

Defendant further argues that because plaintiffs already allege a breach of contract claim in their amended complaint, they cannot separately allege breach of contract based on breach of the implied duty of good faith and fair dealing. Defendant is correct that breach of the implied duty of good faith and fair dealing is technically a breach of contract claim. However, plaintiffs' contract claims in this case are based on different types of breach. The first breach of contract claim is based on defendant's alleged breach of the express terms of the settlement agreement. The second breach of contract claim is based on defendant's alleged breach of the implied covenant. Plaintiffs are permitted to allege claims in the alternative, as discussed in further detail below. Therefore, plaintiffs' amended complaint alleges sufficient facts to support a claim for breach of contract based on breach of the implied duty of good faith and fair dealing.

ii. Declaratory Judgment

Defendant next asserts that plaintiffs fail to state a claim for declaratory judgment. Under the Declaratory Judgment Act, "[i]n a case of actual controversy . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations

of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). To determine whether there is an 'actual controversy,' the court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Such a controversy does not become moot by the defendant's cessation of the allegedly wrongful behavior, unless it can be shown that such "wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 190, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Plaintiffs state a plausible claim for declaratory judgment. Plaintiffs' amended complaint alleges that defendant violated the March 2012 settlement agreement between the parties by improperly using the words 'Zig Zag' in its signage and advertisements, as well as its activity on the internet. It further states that these actions are violations of plaintiffs' trademark rights. This constitutes an 'actual controversy' under the Declaratory Judgment Act. Therefore, plaintiffs' amended complaint alleges sufficient facts to support a claim for declaratory judgment.

   iii.  <u>Promissory Estoppel</u>

Finally, defendant argues that plaintiffs fail to state a claim for promissory estoppel. A claim for promissory estoppel includes the following elements: "(1) a promise; (2) the promisee reasonably relies upon the promise by acting or forbearing to act upon the strength of it; (3) the promisor, at the time of making his promise, foresees or expects that the promisee would act or forbear in reliance upon it; (4) enforcement of the promise is necessary to avoid an injustice." *Davis v. Siemens Medical Solutions USA, Inc.*, 399 F.Supp.2d 785, 795 (W.D. Ky. Nov. 8, 2005)

(citing *Meade Const. Co., Inc. v. Mansfield Commercial Elec., Inc.*, 579 S.W.2d 105, 106 (Ky. 1979)).

Plaintiffs state a plausible claim for promissory estoppel. Plaintiffs allege that defendant agreed to limit its use of the words 'Zig Zag' in relation to its smoke shop business, and that in exchange for that promise, plaintiffs agreed not to pursue legal action against defendant for its prior use of the protected mark. Plaintiffs further allege that defendant violated the terms of the settlement agreement through its improper use of the words 'Zig Zag,' and that this was likely to cause confusion for customers. Although promissory estoppel "cannot be the basis for a claim if it represents the same performance contemplated under a written contract," the validity of the settlement agreement between the parties has not yet been determined. *Tractor and Farm Supply, Inc. v. Ford New Holland, Inc.*, 898 F. Supp. 1198, 1205 (W.D. Ky March 15, 1995). Thus, plaintiffs are permitted to plead promissory estoppel as an alternative to breach of contract. Plaintiffs have alleged sufficient facts to support their claim for promissory estoppel.

B. Whether Claims are Duplicative

Additionally, defendant contends that plaintiffs' claims for breach of the implied duty of good faith and fair dealing, declaratory judgment, and promissory estoppel are all duplicative of plaintiffs' breach of contract claim. Fed. R. Civ. P. 8(d) specifically states that a complaint may contain alternative or inconsistent claims. Therefore, this argument has no merit.

## V. Conclusion

For the aforementioned reasons, defendant's partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied. An order will be entered in accordance with this memorandum.

March 20, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**